You may call the next case when you're ready. 12-24-41, 12-24-43, United States of America v. John Clement Marcinkewicz, Shelley Waldron, oral argument not to exceed 15 minutes per side, Mr. Michael Brownlee for the opponents. 12-24-41, 12-24-41, United States of America v. John Clement Marcinkewicz, Shelley Waldron, oral argument not to exceed 15 minutes per side, Mr. Michael Brownlee for the opponents. Good morning. My name is Mike Brownlee, and I'm here on behalf of the appellants John Marcinkew and Shelley Waldron, and I'm from the firm of Brownstone, PA. As your honors know, this appeal challenges the appellant's convictions under the Controlled Substances Act for manufacture of marijuana. We briefed two issues on appeal. The first one is a basic statutory interpretation argument. We believe that under the Controlled Substances Act itself that our clients fell under a practitioner's exemption and should have been excluded from liability under the statute from criminal liability. The second argument we raised... When was the first time you raised that argument? On appeal. The district court never ruled on that? Nope. Was that a problem for you? Well, I think to the extent... yeah, it would be subject to plain error of view, I suppose. I mean, I think... What about waiver? No, I don't think waiver... Well, they filed a motion to dismiss arguing that they were in compliance with the Michigan Medical Marijuana Act. I think that would have fallen under the umbrella of that argument, but it wasn't specifically advanced. That's true. There was a motion in limine proceeding where the government filed a motion in limine and said, we want to preclude all evidence related to the Michigan Marijuana Act and compliance thereof. That was the icing on the cake. I think it would have been futile to a certain extent to raise it after that determination had been made, at least. And the second argument that we raised, Your Honors, is whether or not Congress has the authority under the Commerce Clause. It's a race argument. We're basically arguing that race doesn't apply to the facts of this case. Under the statutory interpretation argument, it gets a little complex, and I don't want to walk the court necessarily every single step of it, but the definition of manufacture under Section 802.15 of the Controlled Substances Act is the production of a prohibited drug except for preparation in conformity with applicable state law by a practitioner as an incident to his administration of such drug in the course of his professional practice. And then a practitioner is in turn defined under the CSA as a person licensed, registered, or otherwise permitted by the U.S. or the jurisdiction in which he practices to distribute, dispense, or administer. So both of your claims are based on the Michigan medical practitioner? Yes, Your Honor. And the district court never ruled on either one of the claims? Well, he did to the extent that he ruled that they had no bearing on the case whatsoever as a matter of law. So under the court's opinion, because the Michigan marijuana provisions could in no way supersede the Controlled Substances Act, no discussion of the Medical Marijuana Act would be helpful. What is the argument that the Controlled Substances Act, as it pertains to marijuana, is now unconstitutional? Well, to the facts of this case, I think they're meaningfully distinguished from Raich, and I'll explain why. In Raich, the challenge was to Congress's general ability to regulate marijuana generally, and it was a declaratory action and one for injunctive relief. So it wasn't a situation where you've got the government making an affirmative action to enforce the laws. And I think that's important because it encroaches on another federalism concern, which is important. So in Raich, you've got the state's traditional right to regulate the practice of medicine, but here you've got the added layer of you've got the police power that's traditionally left to the state that, in our opinion, the federal government is usurping. So that's distinguished. Mr. Brownlee? Yes, Your Honor. Did you represent these people at the district court? I did not, Your Honor. I wish I had. They made unconditional pleas of guilt, is that right? Correct. After having raised the issue that you're now talking about before the district judge, right? Correct. They got turned down, and then they pleaded unconditionally, didn't reserve any rights or anything like that, to raise the issue on appeal. Is that where we are? Yep. I have two responses for that. Go ahead. First of all, is the Izzioretta case out of the Eleventh Circuit, which we cited. The Izzioretta case out of the Eleventh Circuit, which we cited in our initial brief, which says that if a crime isn't sufficiently alleged in the indictment, that it fails to confer subject matter jurisdiction on the court. And in this case, our position is that the manufacturing element of the crime, because our clients fell into this exemption, they were exempted from criminal liability under the Controlled Substances Act. Under the Michigan Medical Marijuana Act, is that what you're talking about? Correct. Because if they could show compliance with the Michigan Medical Marijuana Act based on a reading of the Controlled Substances Act, you can't have a federal crime. They're not subject to liability under it. Why'd they plead guilty? Because I don't think they thought of this argument. I mean, that's the best way I can describe it. And I think the writing was on the wall, Your Honor. I mean, there was a motion in limine filed by the government to exclude any and all issues related to compliance, and I don't think all of the ways that could have been used effectively were explored. And so they pled. I mean, they were clearly guilty of possessing and growing marijuana, so I think they stuck in a tight spot. So you're saying the U.S. attorney prosecuted a product, got the grand jury to get an indictment on a case that's not a violation of the federal statute? Is that what you're saying? That is what we're saying. And your client pleaded guilty to it, and the district judge accepted and pleaded guilty to it? A pre-sentence report was done on this? There was a sentencing hearing? And never again was the issue raised? After the plea colloquy, before the district judge? Correct. And that goes to our argument that, you know, very early on in the case, I mean, as early, I think, as possible in the proceedings, it was made clear that they couldn't advance this argument. Was there a motion before the district judge to set aside anything like that? Any post-judgment? No post-judgment motions. There was a motion to dismiss, but it was based on an unavailing argument. If you had tried this case or been the lawyer below, what would you have done in these circumstances? I would have created a perfect record of the argument that I really do think exempts them from criminal liability under the Controlled Substances Act. I think if they were able to show their compliance with the Medical Marijuana Act, the Controlled Substances Act is a clear exemption for what they were doing. In the same way as pharmacists. You think there's ineffective assistance of counsel here? Um, that's on the radar screen. Perhaps. Your Honor, I'd also be finished. Excuse me, you've answered Judge Mayer's question. Go ahead. Your clients had more, though, than just a little mom-and-pop operation. This was a pretty large-scale marijuana-grown operation, wasn't it? Yeah, they had two. But this was not just a medical marijuana that the Michigan legislature, for some reason, decided to create an exception. No, yes, no. They were lawfully registered as primary caregivers under the statute, doing the state that licensed them, and they had argued all along up until the motion unlimited that it was granted that they were in full compliance with the Michigan Medical Marijuana Act. But I would like to point your Honor's attention to the plea agreement itself. It is interesting. The portion of the plea agreement that the government cites to suggest that there was basically an unequivocal waiver of the arguments that we're making now is actually in the section that discusses the rights that you waive because you're not going to trial. You know, you relinquish the right to provide affirmative defenses, Fourth Amendment claims, things that you typically can't raise anymore. But there's a whole separate section under waiver of appeal and collateral attack by the defendant, and it speaks completely in terms of sentencing. And it's, I think, analogous to the Bell case where, in a footnote, this court said where there's an appeal waiver that speaks only in terms of sentencing that traditionally would not preclude you from raising challenges to your conviction. Now, in that case, they ultimately granted the motion to dismiss because he was trying to challenge a pretrial motion, which wasn't allowed. But that's not what we're challenging here. We're challenging the conviction on different grounds, and I agree that there's a preservation problem. But I think if you take a close look at the language of that Medical Marijuana Act, that there's an exemption under that Controlled Substances Act, which means there's no crime. There's no federal crime there. Well, it needs to be laid out in the defense. I mean, I'm somewhat sympathetic with your overall view in the sense that I look upon marijuana more like alcohol than I do some terrible drug. But the problem is we do have a legal system, and the legal system requires that these type of arguments be raised and adjudicated in certain ways, and it hasn't happened here. Well, I mean, the case of Star Legion, though, that suggests if, due to a ruling by the court, any further argument on a topic would be futile. I mean, it was a categorical rejection, if anything, related to the Michigan Medical Marijuana Act. So should it have been raised in a motion to dismiss properly? Absolutely. But once that happened, there would have been opportunities down the road to make the argument that I think were shut down. Well, you would have made a record. Ideally, you would have made a record. We don't have a record. Mm-hmm. But if you've got an indictment, I mean, that's our argument, is that it's a subject matter jurisdiction problem. If you've got a crime that isn't sufficiently alleged, that's the Izzioretta case, 2013, from the 11th Circuit that we cited. But that is tantamount to a lack of subject matter jurisdiction in the courts. You often have to make a record on subject matter jurisdiction and personal jurisdiction. You know, you're not precluded just because it's a question of subject matter jurisdiction from making a record about it. Right, but if the... I don't know whether, you know, I don't know anything about how we should decide a jurisdictional argument in the absence of any real record about this. Well, we could certainly approach it from the standpoint of a defective indictment that wouldn't have conferred subject matter jurisdiction on the court to begin with. Have you talked about Gonzales against Race, that case? Extensively, yeah. In the briefs. Not today. Doesn't that slam the door on you? I think I... The California case, right on point, isn't it? No, I think not. I think there are distinguishing factors. And let me take you through them. So, again, I think a distinguishing factor here is that we've got a criminal... This is a criminal action, so we've got a further encroachment on a right traditionally left of the states. In Race, it was really just the medical regime and how that encroached. In Race, they asked for a declaration that the Controlled Substance Act was unconstitutional as applied to their intra-state activities. Correct. The Supreme Court said no. Right, but... So doesn't that... Isn't that what Michigan was doing? It's the very same thing in California. Your Honor, I think if you look at the rationale in Race, and I've read it as closely as I've ever read any case, there's enough there. I mean, first of all, the fact that it's a criminal act in this case, it's a federal government coming in and prosecuting a federal act. If you read Justice Scalia's concurrent... Go ahead. It's a defense to the indictment, isn't it? Absolutely. You have to plead the Michigan statute as a defense to the prosecution. They don't have to overcome that in the indictment. That part was argued in the motion to dismiss, that the Commerce Clause didn't confer jurisdiction on... Okay, go ahead. Okay. I cut you off. It's okay, but that is the one thing that I think was preserved in the record for what it's worth. But in Scalia's concurrence... Am I well over my time? You can answer the question. Okay. Sorry about that. But you've got Scalia's concurrence that says whenever you're regulating intrastate activity, that relies on the Necessary and Proper Clause. And so when you've got an as-applied challenge, like we do here, you have to look, you know, is it necessary and proper for the federal government to come in and incarcerate a person that's acting in conformance with the state law? There's a bevy of other options that they could do that would be much less intrusive to federalism interests, which is really the critical inquiry in Raich. You've got Commerce Clause and federalism concerns butting up against each other, and ultimately they held Commerce Clause trumps the traditional power of the state to regulate medicine. But here we've got the added layer of the police power. But you also have the Eighth Circuit in Morrison against DEA. Doesn't the Eighth Circuit reach the same decision? Are you speaking of the Oakland? No, and then the Montana case out of the Ninth Circuit. Well, this would be a challenge to, you know, does Michigan scheme, whereas before it was California's scheme. But I see my time's up, and I'll reserve the remainder for Rutherford. Thank you, sir. Thank you, Your Honors. Good morning, Your Honors. Renee Schechmer on behalf of the government. In this case, both defendants, Marson Cue and Waldron, entered unconditional pleas of guilty. And as a result, they waived any and all challenges to the sufficiency of the indictment. One issue of non-waiver might be subject matter jurisdiction, which is why the defendant's brief is sort of shelled in this coding of subject matter jurisdiction. But the government believes that the defendant's underlying arguments as to subject matter jurisdiction are not valid, and therefore he really has no subject matter jurisdiction issue. The defendant states that his first is a matter of statutory interpretation, and the statute in question is in the Controlled Substances Act, where it states that the term manufacturer means the production, preparation, propagation, compounding, or processing of a drug or other substance, either directly or indirectly by extraction from substances of natural origin or independently by means of chemical synthesis or by a combination of extraction and chemical synthesis, and includes any packaging or repackaging of such substance or labeling or relabeling of its container, except that such term does not include the preparation, compounding, packaging, or labeling of a drug or other substance in conformity with applicable state or local law by a practitioner as an incident to his administration or dispensing of such drug or substance in the course of his professional practice, and that's Title 21 United States Code Section 80215. And it is the government's position that as merely a case of statutory construction that the court can clearly see that production and propagation, meaning the growing of marijuana, is not part of that exception for practitioners. The government does not believe that the defendants meet the definition of practitioner within the Controlled Substance Act, but even if the court were to find that they did meet the definition of a practitioner under the Controlled Substance Act, even practitioners are not allowed to manufacture marijuana under the Controlled Substance Act. How much of this was gone into in the court below, exactly? I'm sorry? How much of the argument about medical practitioners, state and federal problems were gone into, were explored in the court below? Your Honor, the government actually raised this issue in its motion in limine. That motion in limine was filed and outstanding for two months. Defendants never responded to the motion in limine. On the day of the final pretrial, the defendants filed their motion to dismiss. Because you were afraid that they were going to just basically argue the Michigan statute as a defense, and so you raised it. It brings the issue before the court, but the defendants failed to respond, and not just within the 14 days that they were required to respond pursuant to local rule, but they didn't respond for two months, in fact, never responded. The defendant bears the burden here before the court. Then they pled guilty, and the court below never ruled on the problem? Well, the court did rule in a more generic way in its order on the government's motion in limine and on the defendant's motion to dismiss or alternatively to bring this up. They never raised the issue that is raised before the court now. The issue of whether or not they are practitioners and whether or not they were legally operating under the Michigan Marijuana Act, which the government states they were not and is clear in the record they were not. Mr. Morrison Q has a prior felony drug conviction for cocaine. He is barred under the Michigan Medical Marijuana Act from ever being a caregiver, which means he has no rights under the Michigan Medical Marijuana Act to grow marijuana, to manufacture marijuana. So as to him, the argument is irrelevant. He can't be and can't claim any kind of legitimacy under the Michigan Act. But this was not gone into in the court below, right? No. The record is clear because the conviction is there, and Mr. Morrison Q accepted that conviction in the pre-sentence report, and it was filed with the court, the certified judgment of conviction, so there's no question that it exists and that he was not entitled. But the specificity, what the defendants argue repeatedly in their brief is that they were legally operating under the Michigan Medical Marijuana Act, but they were not. We wouldn't be here if they weren't. The motion in limine is a matter of record in the district court? Absolutely, Your Honor. And there's no response? None. And the district court points that out in his ruling, that this motion in limine brought by the government addressing these issues was outstanding for two months with no response from the defendants. I'm not going to throw you a softball, but tell me if I understand it. The controlled substance fact, the medical marijuana issue is a defense. Is that right? Correct. And you need not refute it in your indictment. Correct. On a jurisdictional issue, the question is, does the indictment itself state a federal crime? The indictment states a federal crime. Manufacture of 100 or more marijuana plants. Marijuana is a controlled substance. It is a regulated federal crime. The defendants want an exception. By stating the exception that they want, it's their burden to prove that they have that exception. They make no effort to prove that. They've created no record below. They continue to assert, or assert here before this court, we were in compliance with the Michigan Medical Marijuana Act. Do you think we should just hold that all of this is waived? This is all waived. We should not be here. And what should we say in your supposition about the jurisdictional, subject matter jurisdiction problem? Factually, they haven't raised a subject matter jurisdiction problem. We have subject matter jurisdiction because marijuana is a controlled substance and under race, the ability of Congress to regulate this has been determined. And they have not shown any deficiency in the indictment as to the crime that they voluntarily pled guilty to. Can you waive? He's got the subject matter jurisdiction problem raised in the appellate court here. Right. Can that be waived? What should we do with that problem here? Because we say sometimes that subject matter jurisdiction is always, we should always decide that kind of thing. Right, that it can't be waived. But theoretically, if he were charged with a crime that wasn't a crime, we would always want to correct that issue, correct? I mean, that's the reason the court says you can't waive it. But in this case, underlying his argument is the fact that he doesn't even meet the criteria, and the record is clear below, he doesn't even meet the criteria that he's relying on to argue subject matter jurisdiction. So it's his door into this court, but he doesn't have the facts to back him up. And that's Mr. Marson Cue and Ms. Waldron. So we should not waive his argument according to your submission on subject matter jurisdiction. We should just decide that it's a bad argument. There's no way you can ever waive subject matter jurisdiction in the court below, is that correct? Well, in this case, because what he's claiming is an exception, I would myself, and I think of it when I think of it in terms of how to argue this to you, I think of it more as an affirmative defense. You have a law, and there are exceptions. In order to meet that exception, it's his burden to bring forward the exception. It's his burden to lay the record to prove that he is subject to that exception. That was never done here. This whole argument that I'm a practitioner under the Controlled Substance Act is raised for the first time on appeal. So he hasn't laid any foundation below. And I don't think that you can make—now, if it was purely a legal issue that this court could decide by looking at the terms and saying, yes, he's a practitioner, you could make that argument. But I would state that in this case, looking at statutory construction and using just normal statutory construction rules, you can say legally he can't be a practitioner because the controlled substance specifically excludes propagation, meaning the manufacture of marijuana, from practitioner. Practitioner exception does not encompass the production of controlled substance. Exactly. Exactly. It does include— In any event, it's an affirmative defense. Exactly. It's not something—it's nothing that you have to refute in the prosecution of your case. Right. Either allege it or prove it in the government's case in chief. Correct. It's not an element of the offense. Exactly. Unless you have anything else, I have nothing further. Thank you. Thank you. Mr. Rabone. I'll be brief. First of all, the government conceded subject matter jurisdiction can't be waived in their brief. But she says you haven't laid the basis for subject matter jurisdiction by any factual basis or any legal hearing, and you can waive laying the basis for it. You can waive not bringing forward in the trial court where you would have to show the basis for no subject matter jurisdiction and that you've waived that. Right. That's the way I understand her argument. I respectfully disagree, although I trust that you probably know better than I. But based on the cases that we cited and that I've read, I think it can be raised any time. In this Izzereta case in the 11th Circuit that we cited, for instance, it was raised sui sponte by the court on appeal for the first time. And they make it extremely clear that it's something that can be raised. What should we do here? Hold a hearing and let people come in and testify or whatever it takes here to determine whether there is now subject matter jurisdiction? I mean, I just ask that question as a sort of generic question. If you haven't raised it properly in the district court and raising it properly in the district court requires putting on some proof that would show the basis for the absence of jurisdiction, why haven't you waived that? Because subject matter jurisdiction can never be waived. Well, okay. Maybe so. You can always talk about it. But if it has to be based on some factual matters, you can waive the argument in the court below and not have a basis for it. We don't have to have a trial up here about that. No, and I don't think we need to. I mean, the dispositive question on that issue is does the indictment state a crime against the United States? I think the answer is no. I mean, to your question, Judge Stafford, it does go directly to an element of the crime. It's manufacturing. You're exempt from the statute. It's not a defense. You're trying to throw your book here onto the Controlled Substances Act. What you claim is the practitioner exception. Correct. Is that correct? But practitioner exception is not an exception for a growing operation. No, that's probably true. Well, I mean, that's the only way you can get in. But it is an exception for the preparation, for the distribution, and other terms. Manufacturing? Yeah, the terms overlap. I mean, I think if it's a Venn diagram, I think there's plenty that intersects about what our clients were doing and what falls under the exemption. Are you reading the Controlled Substances Act to say, now, Mr. Brownlee, look at me and tell me, you're reading that to say that the practitioner exception applies to growing marijuana? Well, I think it applies to the distribution and to some things that you could categorize as part of the growing process of being a caregiver. Thank you, Your Honors. Thank you. Thank you. And the case should be submitted.